ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT 24 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDGAR PINEDA-CELIS, A.K.A. CHATO | Criminal Indictment<br><br>No. 1:17-CR-366 |

THE GRAND JURY CHARGES THAT:

### Count One

Beginning on a date unknown to the Grand Jury, but at least as of on or about May 1, 2013, and continuing until on or about May 13, 2013, in the Northern District of Georgia and elsewhere, the defendant,

Edgar Pineda-Celis, a.k.a. Chato,

did knowingly combine, conspire, confederate, agree, and have a tacit understanding with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to possess with the intent to distribute a controlled substance, said conspiracy involving at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(viii),

all in violation of Title 21, United States Code, Section 846.

### Count Two

On or about May 12, 2013, in the Northern District of Georgia and elsewhere, the defendant,

Edgar Pineda-Celis, a.k.a. Chato,

aided and abetted by others known and unknown to the Grand Jury, did knowingly possess with the intent to distribute a controlled substance, said possession involving at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

### **FORFEITURE PROVISION**

1. Upon conviction of the controlled substance offenses alleged in Counts One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

   a. MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

2

If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 953(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A ___TRUE___ BILL

___FOREPERSON___

BJUNG J. PAK
  *United States Attorney*

/s/ Sandra E. Strippoli
SANDRA E. STRIPPOLI
  *Assistant United States Attorney*
Georgia Bar No. 688565
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181