IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDGAR PINEDA-CELIS,<br><br>Defendant. | CRIMINAL ACTION FILE NO.<br><br>1:17-CR-366-MLB-JKL-1 |

## **ORDER**

On September 8, 2021, I held a *Garcia* hearing[1] about a possible conflict of interest concerning Defendant Edgar Pineda-Celis's retained counsel of record, Darlene Calzon Barror, and local counsel, Andrew C. Hall.[2] The alleged conflict arises out of defense counsel's concurrent representation of Jose Pineda-Arzate, a defendant in a separate criminal case presently pending in this district. *See United States v. Jose Pineda-Arzate*, 1:15-cr-238-WMR-AJB. Pineda-Celis and Pineda-

---

[1] A *Garcia* hearing is held to determine whether an actual or potential conflict of interest exists in the representation of a defendant, and, if so, whether the conflict can be knowingly and intelligently waived. *See United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975).

[2] Another defense lawyer had also appeared in this case as local counsel; however, he withdrew prior to the hearing and is no longer involved in this case. [Doc. 25.]

Arzate attended the hearing, as did Ms. Barror, Mr. Hall, and AUSA Sandy Strippoli.

At the hearing, the government expressed its concern that each defendant may have incriminating testimony regarding the other. However, since that concern has been raised, no one has been able to point to anything specific that either defendant knows or has said about the other. I inquired as to the nature of the conflict and engaged each defendant separately and independently in colloquy in which I advised them of the right to separate representation of counsel of their choice and the opportunity to have conflict-free counsel appointed. Both defendants declined independent counsel to advise them about the waiver of conflict-free counsel. I identified examples of conflicts of interest that could occur with simultaneous representation. After completing my colloquies, Pineda-Celis and Pineda-Arzate each stated in open court that he wanted to continue to be represented by defense counsel of record, and each signed a written waiver prepared by defense counsel.

Based upon the information conveyed at the hearing, I found that both defendants knowingly, voluntarily, and intelligently waived their right to conflict-free counsel. While I made the waivers part of the hearing record, I did not accept

them at the hearing in order to give the government time to advise whether it wished to proceed with a motion for disqualification. That period has expired without the government taking any action to disqualify defense counsel.

For the reasons that follow, the Court accepts the waivers of Pineda-Arzate and Pineda-Celis, and will not disqualify defense counsel at this time.[3]

## BACKGROUND

In June 2015, Pineda-Arzate was indicted in this district on numerous drug trafficking and money laundering charges. *See United States v. Jose Pineda-Arzate*, 1:15-cr-238-WMR-AJB, Dkt. 1 (N.D. Ga.). In 2020, he was extradited to the United States, and in November 2020, he had his initial appearance and arraignment. *Id.* Dkt. 24. In June 2021, he entered a guilty plea and is presently awaiting sentencing. *Id.*, Dkt. 44.[4]

On October 24, 2017, a grand jury seated in this district returned an indictment charging Pineda-Celis with conspiracy and possession with intent to

---

[3] Because this matter is nondispositive, the undersigned Magistrate Judge may resolve the matter by way of an order, rather than a report and recommendation. *See United States v. Kaley*, No. 07-80021-CR, 2014 WL 3734679, at *5 (S.D. Fla. June 19, 2014).

[4] Pineda-Arzate's plea agreement is under seal. *Pineda-Arzate*, 1:15-cr-238-WMR-AJB, Dkt. 44-1.

3

distribute methamphetamine. [Doc. 1.] He was arrested in Mexico on April 19, 2020, and extradited to the United States soon after. [Doc. 22 at 1.[5]] He had his initial appearance on August 19, 2021, and his arraignment on August 24, 2021. [Docs. 16, 19.] According to the government, both Pineda-Arzate and Pineda-Celis are facing substantial sentences, and each has a "substantial reason to consider cooperation against other criminals." [Doc. 22 at 3.]

Following Pineda-Celis's arraignment, the government advised the Court that defense counsel's simultaneous representation of Pineda-Arzate and Pineda-Celis creates at least the potential for a conflict of interest, especially if either defendant decided to cooperate with the government. [Doc. 22.] On September 8, 2021, I held the *Garcia* hearing discussed above. The only remaining issue is whether the Court should accept the waivers, or disqualify defense from representing Pineda-Celis in this case.

## DISCUSSION

"The constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: the right to counsel, the right to effective

---

[5] The government's motion is not paginated; thus, references to specific pages are to the page numbers automatically generated by CM/ECF.

assistance of counsel, the right to a preparation period sufficient to ensure a minimal level of quality of counsel, and the right to be represented by counsel of one's own choice." *United States v. McCutcheon*, 86 F.3d 187, 189 (11th Cir. 1996) (citations omitted). Because "an essential part of that right is the accused's ability to select the counsel of his choice . . . a criminal defendant has a presumptive right to counsel of choice and courts should hesitate to disqualify defense counsel." *United States v. Ross*, 33 F.3d 1507, 1522-23 (11th Cir. 1994) (citations omitted). But the right to counsel of choice is not absolute, and "[i]n determining whether or not to disqualify defense counsel, the court must balance . . . the right to be represented by counsel of choice and [] the right to a defense conducted by an attorney who is free of conflicts of interest." *Id.* at 1523. "The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." *Id.* "When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified." *Id.* "Even a potential conflict—which may or may not burgeon into an actual conflict as the trial progresses—may require disqualification." *United States v. Campbell*,

5

No. 1:04-CR-424-RWS, 2005 WL 6436177, at *2 (N.D. Ga. Mar. 9, 2005); *see also Wheat v. United States*, 486 U.S. 153, 164 (1988) ("[A] showing of a serious potential for conflict overcomes the presumption in favor of a defendant's counsel of choice."). Thus, while a defendant may waive the right to conflict-free representation, courts are not bound to accept that waiver when serious enough conflicts exist. *Pacherco-Romero*, 374 F. Supp. 2d 1326, 1330-31 (N.D. Ga. 2019) (citing *Ross*, 33 F.3d at 1524).

In the absence of further action by the government to disqualify defense counsel, I do not find that an actual or potential conflict exists at this time that would impugn the integrity of these proceedings or would outweigh Pineda-Celis's right to his choice of counsel. As discussed, since the government expressed its concern that Pineda-Celis and/or Pineda-Arzate may have incriminating testimony regarding the other, there has been nothing offered to support the notion that either defendant knows anything of significance about the other or that either would be remotely likely to appear as a witness against the other. The defendants have also consented to Ms. Barror's and Hall's representation after being fully advised of the consequences of a conflicting representation. Each has memorialized his consent in a written and signed waiver on file with the Court, and the Court has found that

the waivers were knowing, intelligent, and voluntary.[6] Accordingly, there is no grounds for disqualification at this time.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the knowing, intelligent, and voluntary waivers of Pineda-Arzate and Pineda-Celis and, at this time, declines to disqualify defense counsel over those waivers.

IT IS SO ORDERED this 14th day of September, 2021.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[6] The undersigned makes no determination about whether defense counsel should be disqualified from continuing to represent Pineda-Arzate in his separate criminal proceeding. The Court encourages the government to raise the issue with the judges presiding over Pineda-Arzate's case should it believe that counsel's brief representation of Pineda-Celis has created a conflict in that case.